Filed Oct. 31, 1884.

---

No. 11,652.

## Larsen v. Groeschel et al.

CONTRACT.—*Real Estate.—Exchange.—Separate Owners.—Fraud.—Joint Action.—Damages.—Consideration.*—Where the plaintiffs were separate owners of different lots of ground, and under a contract of exchange transferred them to defendant for a farm, in which they became jointly interested, they may maintain an action jointly against the defendant, to recover damages for fraud practiced in inducing them to enter into the contract, without seeking to rescind the agreement, and it is immaterial which of the plaintiffs, or in what proportion each of them furnished the consideration for the transfer of the farm, and the defendant

can not litigate as to the respective interests of the plaintiffs as between themselves in the consideration paid, and he has no right to require separate actions against himself.

From the Superior Court of Marion County.

*C. F. Rooker, A. W. Hatch, B. F. Davis* and *S. A. Forkner,* for appellant.

*J. S. Duncan, C. W. Smith* and *J. R. Wilson,* for appellees.

FRANKLIN, C.—Appellees sued appellant for damages for fraud in a land trade.

The complaint alleges that appellees were separate owners of different lots in an addition to the city of Indianapolis; that appellant was the owner of one hundred and sixty acres of land in the State of Kansas; that in order to induce appellees to exchange their lots for the Kansas lands, appellant made false and fraudulent representations in relation to the location, kind and situation of the Kansas lands; that upon the faith of said representations they exchanged their lots for said lands.

A demurrer to the complaint was overruled. A trial resulted in a judgment for appellees. On an appeal to the general term, the judgment of the special term was affirmed. The only question presented by appellant in his brief is upon the overruling of the demurrer to the complaint.

The objection urged against the complaint is that it does not show a joint cause of action in the plaintiffs. This depends to some extent upon the view taken of the purpose of the action. If it is to be considered an action to set aside the contract and recover the value of the lots transferred, the complaint would perhaps not show a joint cause of action in the plaintiffs. But we do not think this is the true purpose of the suit. Its object appears to us to be, to let the contract remain in force, and recover damages for the fraud practiced by the defendant upon the plaintiffs in the exchange and transfer of the Kansas lands to them. This appears to

have been a joint transfer and by it the plaintiffs became jointly interested in the Kansas lands, and had a joint interest in any damages they may have sustained by any fraud that may have been perpetrated upon them in such transfer. In this transaction, in so far as it can be affected by this suit, it makes no difference to the defendant which of the plaintiffs, or in what proportion each of them furnished the consideration for the transfer of the Kansas lands: The plaintiffs became joint owners thereof, and as to their separate interests therein, as husband and wife, or as separate or joint contributors in the consideration, these are questions in which the defendant had no interest to litigate, or rights to be protected by requiring separate actions.

There was no error in overruling the demurrer. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment in the general term of the court below be and it is in all things affirmed, with costs.

Filed Oct. 31, 1884.